|  |  |
|---|---|
| Gerald Jerome Polk,<br><br>　　　　Petitioner<br><br>v.<br><br>State of Nevada, *et al.*,<br><br>　　　　Respondents | Case No.: 2:24-cv-00634-CDS-MDC<br><br>**Order Granting Motion to Proceed *In Forma Pauperis* and Giving Petitioner until June 28, 2024, to Show Cause Why this Petition Should Not Be Dismissed as Untimely**<br><br>[ECF Nos. 1-1, 4] |

Gerald Jerome Polk brings this pro se petition for a writ of habeas corpus to challenge his 2018 Nevada state-court conviction for manslaughter and related crimes, and he moves for leave to proceed *In Forma Pauperis* ("IFP").[1] After an initial review of Polk's petition under the Habeas Rules, it appears that the petition was filed after the federal habeas deadline expired. So while I grant Polk's request to proceed IFP, I also order him to show cause by June 28, 2024, why his petition should not be dismissed as untimely.

## Background[2]

On December 12, 2018, the Eighth Judicial District Court for Clark County state court entered a judgment of conviction, pursuant to a guilty plea, convicting Polk of voluntary manslaughter with the use of a deadly weapon and two counts of ownership or possession of a firearm by a prohibited person.[3] Polk was sentenced to 36 to 96 months for the voluntary

---

[1] ECF Nos. 1-1, 4.

[2] I take judicial notice of the online docket records of the Eighth Judicial District Court (https://www.clarkcountycourts.us/Anonymous/default.aspx) and Nevada appellate courts (http://caseinfo.nvsupremecourt.us/public/caseSearch.do).

[3] *State of Nevada v. Gerald Polk*, C-17-325126-1.

manslaughter conviction plus a consecutive 36 to 96 months for the deadly weapon enhancement and 24 to 60 months for each firearm conviction to run consecutive to the voluntary manslaughter conviction. In sum, Polk has been sentenced to 10 to 26 years in prison. Polk did not file a direct appeal.

Polk filed unsuccessful motions to modify his sentence on May 8, 2019, July 15, 2019, November 5, 2019, and November 27, 2019. Polk appealed each denial, but the Nevada appellate courts affirmed them.[4]

On January 11, 2019, Polk filed a state petition for a writ of habeas corpus.[5] The state court denied the petition, Polk appealed, and the Nevada Court of Appeals affirmed on December 8, 2020.[6] Remittitur issued on January 4, 2021.

While that petition was pending, Polk filed a second state petition for a writ of habeas corpus on July 19, 2019.[7] The state court denied the petition, Polk appealed, and the Nevada Court of Appeals affirmed on November 9, 2020.[8] Remittitur issued on December 4, 2020.

On March 29, 2021, Polk filed a federal habeas petition in case number 2:21-cv-00513-RFB-DJA.[9] The court granted the respondents' motion to dismiss in part, finding that several grounds were unexhausted. Polk was given options for proceeding and was "advised to familiarize himself with the limitations periods for filing federal habeas petitions contained in 28 U.S.C. § 2244(d), as those limitations periods may have a direct and substantial effect of

---

[4] *Gerald Polk v. State of Nevada*, 79701-COA; *Gerald Polk v. State of Nevada*, 80239.
[5] *Gerald Polk v. State of Nevada*, A-19-787309-W.
[6] *Gerald Polk v. State of Nevada*, 80787-COA.
[7] *Gerald Polk v. Nevada Department of Corrections*, A-19-799104-W.
[8] *Gerald Polk v. State of Nevada*, 80739-COA.
[9] I take judicial notice of the docket in this case.

whatever choice he makes regarding his petition." In response, Polk filed a sworn declaration stating that he wished to dismiss his federal petition without prejudice in order to return to state court to exhaust his unexhausted claims, so this Court dismissed his petition without prejudice on May 23, 2023.

On October 9, 2023, Polk filed a state petition for a writ of mandamus "seeking recalculation of his time pursuant to Senate Bill (SB) 413."[10] The state court denied the petition on February 23, 2024, explaining in part that (1) "a writ of habeas corpus is the exclusive remedy available to challenge the computation of time against a person's conviction," and (2) "Polk [has] improperly attempt[ed] to utilize a mandamus petition to challenge his time computation." It appears that Polk attempted to appeal this decision, but on April 26, 2024, the Nevada Supreme Court dismissed the appeal, explaining that Polk's "notice of appeal fails to identify any decisions of the district court."[11]

He filed this petition for federal habeas relief under 28 U.S.C. § 2254 on March 29, 2024.[12]

## Discussion

**A.    The statute of limitations for federal habeas petitions is one year.**

Habeas Rule 4 requires the assigned judge to examine the habeas petition and order a response unless it "plainly appears" that the petition is not entitled to relief.[13] This rule allows courts to screen and dismiss petitions that are patently frivolous, vague, conclusory, palpably

---

[10] *Gerald Polk v. State of Nevada*, A-23-879206-W.
[11] *Gerald Polk v. State of Nevada*, 88512.
[12] ECF No. 1-1.
[13] *See Valdez v. Montgomery*, 918 F.3d 687, 693 (9th Cir. 2019).

incredible, false, or plagued by procedural defects.[14] The Antiterrorism and Effective Death Penalty Act ("AEDPA") establishes a one-year period of limitations for state prisoners to file a federal habeas petition. That period begins to run from the latest of four possible triggering dates, with the most common being the date on which the petitioner's judgment of conviction became final by either the conclusion of direct appellate review or the expiration of the time for seeking such review.[15] The federal limitations period is tolled while "a properly filed application for state post-conviction or other collateral review with respect to the pertinent judgment or claim is pending."[16] But no statutory tolling is allowed for the period between finality of a direct appeal and the filing of a petition for post-conviction relief in state court because no state court proceeding is pending during that time.[17]

### B. Polk must show cause by June 28, 2024, why this petition should not be dismissed as untimely.

It appears that Polk's conviction became final when his deadline for filing a direct appeal to the Nevada appellate courts expired on January 11, 2019.[18] The federal statute of limitations began to run the following day: January 12, 2019. Polk filed his first state petition on January 11, 2019, tolling the AEDPA clock. As a result, no time elapsed between the finality of the

---

[14] *Boyd v. Thompson*, 147 F.3d 1124, 1128 (9th Cir. 1998); *Hendricks v. Vasquez*, 908 F.2d 490, 491 (9th Cir. 1990) (collecting cases).

[15] 28 U.S.C. § 2244(d)(1)(A).

[16] 28 U.S.C. § 2244(d)(2) (cleaned up).

[17] *Nino v. Galaza*, 183 F.3d 1003, 1006–07 (9th Cir. 1999); *Rasberry v. Garcia*, 448 F.3d 1150, 1153 n.1 (9th Cir. 2006).

[18] *See* Nev. R. App. P. 4(b)(1) (requiring a notice of appeal to "be filed with the district court clerk within 30 days after the entry of the judgment or order being appealed"); *Gonzalez v. Thaler*, 565 U.S. 134, 137 (2012) (when a state prisoner "does not seek review in a State's highest court, the judgment becomes 'final' on the date that the time for seeking such review expires").

4

judgment and the filing of the state petition. The AEDPA limitation period was statutorily tolled during the pendency of all proceedings related to his first state petition. Tolling ended on January 4, 2021, when the Nevada Supreme Court issued its remittitur. The AEDPA clock restarted the following day (January 5, 2021) and expired 365 days later on January 5, 2022, making his instant petition—which was *filed more than two years later* on March 29, 2024—untimely. Notably, Polk's first federal petition filed on March 29, 2021, did not toll the AEDPA limitations period,[19] and his state petition for a writ of mandamus, which was filed after the AEDPA clock had already expired, could not have tolled an already expired limitations period.[20] Absent another basis for tolling or delayed accrual, Polk filed his instant Petition two years and three months after the deadline expired.

Because it appears that Polk's petition should be dismissed as untimely, Polk must show cause why it should not be dismissed with prejudice as time barred. Polk is informed that the law permits one-year limitation period to be equitably tolled under certain circumstances. While equitable tolling "is unavailable in most cases,"[21] and "'the threshold necessary to trigger equitable tolling [under AEDPA] is very high, lest the exceptions swallow the rule.'"[22] But it may be available if the petitioner can show that: (1) he has been pursuing his right diligently, and

---

[19] *Duncan v. Walker*, 533 U.S. 167, 181–82 (2001) (concluding that "Section 2244(d)(2) . . . did not toll the limitation period during the pendency of Respondent's first federal habeas petition"); *see also Dixon v. Baker*, 847 F.3d 714, 719 (9th Cir. 2017) ("Although the filing of a state post-conviction petition will toll the statute of limitations, § 2244(d)(2), the filing of a federal petition does not. This means that if a petitioner's mixed petition is dismissed . . . , he risks having his federal claims barred by AEDPA's statute of limitations when he seeks relief in a subsequently filed, fully exhausted petition." (internal citation omitted)).

[20] *See Jiminez v. Rice*, 276 F.3d 478, 482 (9th Cir. 2001).

[21] *Miles v. Prunty*, 187 F.3d 1104, 1107 (9th Cir. 1999).

[22] *Miranda v. Castro*, 292 F.3d 1063, 1066 (9th Cir. 2002).

(2) some extraordinary circumstance stood in his way and prevented timely filing.[23] The burden of showing that this "extraordinary exclusion" applies falls on Polk,[24] who would have to demonstrate a causal relationship between the extraordinary circumstance and the lateness of his filing.[25]

Polk further is advised that, under certain circumstances, the one-year limitation period may begin running on a later date[26] or may be statutorily tolled. And Polk is informed that if he seeks to avoid application of the limitation period based upon a claim of actual innocence, he must come forward with new reliable evidence tending to establish actual factual innocence, *i.e.*, tending to establish that no juror acting reasonably would have found him guilty beyond a

---

[23] *Holland v. Florida*, 560 U.S. 631, 649 (2010).

[24] *Id*. at 1065.

[25] *E.g., Spitsyn v. Moore*, 345 F.3d 796, 799 (9th Cir. 2003); *accord Bryant v. Ariz. Att'y Gen.*, 499 F.3d 1056, 1061 (9th Cir. 2007).

[26] 28 U.S.C. § 2244(d)(1) provides as follows:
> A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of--
>   (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>   (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>   (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>   (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

reasonable doubt.[27]  For purposes of this rule, "'actual innocence' means factual innocence, not mere legal insufficiency."[28]

### Conclusion

IT IS THEREFORE ORDERED that the Motion for Leave to Proceed *In Forma Pauperis* **[ECF No. 4] is GRANTED.**

IT IS FURTHER ORDERED that **Polk must show cause in writing on or before June 28, 2024, why his petition should not be dismissed as untimely**.  If Polk does not timely respond to this order or request an extension of time to do so, the petition will be dismissed without further advance notice.  All assertions of fact made by Polk in response to this order must be detailed, specific as to time and place, and supported by competent evidence.

Dated: May 9, 2024

                                                                                                     _____

                                                                                         U.S. District Judge Jennifer A. Dorsey

---

[27] *See McQuiggin v. Perkins*, 569 U.S. 383 (2013); *House v. Bell*, 547 U.S. 518 (2006); *Lee v. Lampert*, 653 F.3d 929 (9th Cir. 2011).

[28] *Bousley v. United States*, 523 U.S. 614, 623 (1998).