UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| Gerald Jerome Polk,<br><br>    Petitioner<br><br>v.<br><br>State of Nevada, *et al.*,<br><br>    Respondents | Case No.: 2:24-cv-00634-JAD-MDC<br><br>**Order Dismissing Petition for<br>Writ of Habeas Corpus and<br>Closing Case**<br><br>[ECF No. 1-1] |

Gerald Jerome Polk brings this pro se petition for a writ of habeas corpus to challenge his 2018 Nevada state-court conviction for manslaughter and related crimes.[1]  Following my initial review of Polk's petition, I ordered Polk to show cause why his petition should not be dismissed as untimely given that it was filed after his federal habeas deadline expired.[2]  While Polk responded, he failed to show that he is entitled to equitable tolling of the limitations period, so the law requires that his petition be dismissed as untimely.[3]  So I dismiss Polk's petition with prejudice, deny him a certificate of appealability, and close this case.

## Background[4]

Polk pled guilty to one count of voluntary manslaughter with the use of a deadly weapon and two counts of ownership or possession of a firearm by a prohibited person, and the Eighth

---

[1] ECF No. 1-1.

[2] ECF No. 6.

[3] ECF No. 7.

[4] I take judicial notice of the online docket records of the Eighth Judicial District Court (https://www.clarkcountycourts.us/Anonymous/default.aspx) and Nevada appellate courts (http://caseinfo.nvsupremecourt.us/public/caseSearch.do).

Judicial District Court for Clark County entered his judgment of conviction on December 12, 2018.[5]  He was sentenced to 36 to 96 months for the voluntary manslaughter conviction plus a consecutive sentence of 36 to 96 months for the deadly weapon enhancement and 24 to 60 months for each firearm conviction to run consecutive to the voluntary manslaughter conviction, for a total prison sentence of 10 to 26 years.  Polk did not file a direct appeal.

But the next year, Polk filed unsuccessful motions to modify his sentence—on May 8, 2019, July 15, 2019, November 5, 2019, and November 27, 2019.  He appealed each denial, but the Nevada appellate courts affirmed them.[6]

On January 11, 2019, Polk filed a state petition for a writ of habeas corpus.[7]  The state court denied the petition, Polk appealed, the Nevada Court of Appeals affirmed on December 8, 2020,[8] and remittitur issued on January 4, 2021.

While that petition was pending, Polk filed a second state petition for a writ of habeas corpus on July 19, 2019.[9]  The state court denied the petition, Polk appealed, the Nevada Court of Appeals affirmed on November 9, 2020,[10] and remittitur issued on December 4, 2020.

On March 29, 2021, Polk filed a federal habeas petition in case number 2:21-cv-00513-RFB-DJA.[11]  The federal court granted the respondents' motion to dismiss in part, finding that several grounds were unexhausted.  Polk was given options for proceeding and filed a sworn

---

[5] *State of Nev. v. Gerald Polk*, C-17-325126-1.
[6] *Gerald Polk v. State of Nev.*, 79701-COA; *Gerald Polk v. State of Nevada*, 80239.
[7] *Gerald Polk v. State of Nev.*, A-19-787309-W.
[8] *Gerald Polk v. State of Nev.*, 80787-COA.
[9] *Gerald Polk v. Nev. Dep't of Corrections*, A-19-799104-W.
[10] *Gerald Polk v. State of Nev.*, 80739-COA.
[11] I take judicial notice of the docket in *Gerald Polk v. State of Nev.*, 2:21-cv-00513-RFB-DJA.

declaration stating that he wished to dismiss his federal petition without prejudice in order to return to state court to exhaust his claims. So the federal court dismissed that first habeas petition without prejudice on May 23, 2023.

On June 14, 2023, Polk filed a third state habeas petition in his first state habeas petition case. The state court denied the petition on February 9, 2024. Polk did not appeal that denial.

On October 9, 2023, Polk filed a state petition for a writ of mandamus "seeking recalculation of his time pursuant to Senate Bill (SB) 413."[12] The state court denied the petition on February 23, 2024, explaining in part that (1) "a writ of habeas corpus is the exclusive remedy available to challenge the computation of time against a person's conviction" and (2) "Polk [has] improperly attempt[ed] to utilize a mandamus petition to challenge his time computation." It appears that Polk attempted to appeal that decision, but on April 26, 2024, the Nevada Supreme Court dismissed the appeal, explaining that Polk's "notice of appeal fails to identify any decisions of the district court."[13]

Polk filed the instant petition for federal habeas relief under 28 U.S.C. § 2254 on March 29, 2024.[14]

## Discussion

**A.     The limitations period for federal habeas petitions is one year.**

The Antiterrorism and Effective Death Penalty Act (AEDPA) establishes a one-year period of limitations for state prisoners to file a federal habeas petition. That period begins to run from the latest of four possible triggering dates, with the most common being the date on

---

[12] *Gerald Polk v. State of Nev.*, A-23-879206-W.
[13] *Gerald Polk v. State of Nev.*, Case No. 88512.
[14] ECF No. 1-1.

which the petitioner's judgment of conviction became final by either the conclusion of direct appellate review or the expiration of the time for seeking such review.[15] The federal limitations period is tolled while "a properly filed application for state post-conviction or other collateral review with respect to the pertinent judgment or claim is pending."[16] But no statutory tolling is allowed for the period between finality of a direct appeal and the filing of a petition for post-conviction relief in state court because no state court proceeding is pending during that time.[17]

**B.     Polk's petition was filed after his federal limitations period expired.**

Polk's conviction became final when his deadline for filing a direct appeal to the Nevada appellate courts expired on January 11, 2019.[18] The federal statute of limitations began to run the following day: January 12, 2019. Polk timely filed his first state petition on January 11, 2019, tolling the AEDPA clock. As a result, no time elapsed between the finality of the judgment and the filing of the state petition. The AEDPA limitation period was statutorily tolled during the pendency of all proceedings related to his first state petition. Tolling ended on January 4, 2021, when the Nevada Supreme Court issued its remittitur. The AEDPA clock restarted the following day (January 5, 2021) and expired 365 days later on January 5, 2022, making his instant petition—which was filed more than two years later on March 29, 2024—untimely.

---

[15] 28 U.S.C. § 2244(d)(1)(A).

[16] 28 U.S.C. § 2244(d)(2) (cleaned up).

[17] *Nino v. Galaza*, 183 F.3d 1003, 1006–07 (9th Cir. 1999); *Rasberry v. Garcia*, 448 F.3d 1150, 1153 n.1 (9th Cir. 2006).

[18] *See* Nev. R. App. P. 4(b)(1) (requiring a notice of appeal to "be filed with the district court clerk within 30 days after the entry of the judgment or order being appealed"); *Gonzalez v. Thaler*, 565 U.S. 134, 137 (2012) (when a state prisoner "does not seek review in a State's highest court, the judgment becomes 'final' on the date that the time for seeking such review expires").

4

Notably, (1) Polk's first federal petition filed on March 29, 2021, did not statutorily toll the AEDPA limitations period,[19] (2) Polk's third state habeas petition did not statutorily toll the AEDPA limitations period because it was not properly filed and could not have tolled an already expired limitations period,[20] and (3) his state petition for a writ of mandamus could not have tolled an already expired limitations period.[21]

**C.    Polk fails to show that he is entitled to equitable tolling of the limitation period.**

Polk appears to concede that his petition is untimely, but he argues that he is entitled to equitable tolling.[22]  Equitable tolling "is unavailable in most cases,"[23] and "'the threshold necessary to trigger equitable tolling [under AEDPA] is very high, lest the exceptions swallow the rule.'"[24]  But it may be available if the petitioner can show that: (1) he has been pursuing his right diligently, and (2) some extraordinary circumstance stood in his way and prevented timely

---

[19] *Duncan v. Walker*, 533 U.S. 167, 181–82 (2001) (concluding that "Section 2244(d)(2) . . . did not toll the limitation period during the pendency of Respondent's first federal habeas petition"); *see also Dixon v. Baker*, 847 F.3d 714, 719 (9th Cir. 2017) ("Although the filing of a state post-conviction petition will toll the statute of limitations, § 2244(d)(2), the filing of a federal petition does not.  This means that if a petitioner's mixed petition is dismissed . . . , he risks having his federal claims barred by AEDPA's statute of limitations when he seeks relief in a subsequently filed, fully exhausted petition." (Internal citation omitted)).

[20] Polk's third state habeas petition would only toll the federal limitations period if it was "properly filed."  *See Artuz v. Bennett*, 531 U.S. 4, 8 (2000) ("[A]n application is '*properly* filed' when its delivery and acceptance are in compliance with the applicable laws and rules governing filings.  These usually prescribe, for example, the form of the document, the time limits upon its delivery, the court and office in which it must be lodged, and the requisite filing fee." (Emphasis in original)).  Polk's third state habeas petition was not properly filed because it was untimely and successive.

[21] *See Jiminez v. Rice*, 276 F.3d 478, 482 (9th Cir. 2001).

[22] ECF No. 7.

[23] *Miles v. Prunty*, 187 F.3d 1104, 1107 (9th Cir. 1999).

[24] *Miranda v. Castro*, 292 F.3d 1063, 1066 (9th Cir. 2002).

5

filing.²⁵  The burden of showing that this "extraordinary exclusion" applies falls on Polk,²⁶ who must demonstrate a causal relationship between the extraordinary circumstance and the lateness of his filing.²⁷

Polk contends that he should be entitled to equitable tolling because (1) he has been diligently pursuing his rights, (2) he can establish good cause to show why the unexhausted grounds in his first federal habeas petition should have been considered, and (3) he would not have dismissed his first federal habeas petition had he known then what he knows now.²⁸  I accept that Polk has attempted to diligently pursue his rights.  However, diligence is only half the battle, and, importantly, Polk fails to show that some extraordinary circumstance stood in his way.

First, the time for Polk to raise his arguments about why good cause existed for consideration of his unexhausted claims in his first federal petition was in his motion for stay or in a motion for reconsideration of the denial of his motion for stay during his first federal habeas case.  These arguments are simply irrelevant to the tolling analysis here.

Second, I sympathize with Polk's statements that he "had no idea that [he] could be untimely labeled when [he] decided to dismiss [his first federal habeas] petition without prejudice" and that, "[i]f [he] would have known that th[at] was a possibility," he "would have just abandoned [his] unexhausted claims forever and continued with [his] exhausted claims."²⁹

---

²⁵ *Holland v. Florida*, 560 U.S. 631, 649 (2010).

²⁶ *Id*. at 1065.

²⁷ *E.g., Spitsyn v. Moore*, 345 F.3d 796, 799 (9th Cir. 2003); *accord Bryant v. Ariz. Att'y Gen.*, 499 F.3d 1056, 1061 (9th Cir. 2007).

²⁸ ECF No. 7.

²⁹ *Id*. at 6.

But Polk's ignorance of the law in this regard unfortunately does not amount to an extraordinary circumstance. The Ninth Circuit has held that the equitable-tolling "standard has never been satisfied by a petitioner's confusion or ignorance of the law alone."[30] And while petitioners may risk losing their opportunity for federal review depending on the option they elect in the case of a mixed petition,[31] the federal court is not required to warn pro se litigants that their federal claims would be time barred, absent cause for equitable tolling, upon their return to federal court if they opt to dismiss their petition without prejudice to return to state court.[32] Rather, to demonstrate entitlement to equitable tolling in this circumstance, Polk would have to show that the federal court affirmatively misled him.[33]

But Polk fails to satisfy this requirement, as the court accurately outlined his options for proceeding on his mixed petition in his first federal habeas case.[34] There, the court found that

---

[30] *Ford v. Pliler*, 590 F.3d 782, 789 (9th Cir. 2009); *see also Rasberry*, 448 F.3d at 1154 ("We now . . . hold that a pro se petitioner's lack of legal sophistication is not, by itself, an extraordinary circumstance warranting equitable tolling.").

[31] *Rhines v. Weber*, 544 U.S. 269, 275 (2005) (explaining that "[a]s a result of the interplay between AEDPA's 1-year statute of limitations and *Lundy*'s dismissal requirement, petitioners who come to federal court with 'mixed' petitions run the risk of forever losing their opportunity for any federal review"); *see also Pliler v. Ford*, 542 U.S. 225, 230 (2004) ("The combined effect of Rose and AEDPA's limitations period is that if a petitioner comes to federal court with a mixed petition toward the end of the limitations period, a dismissal of his mixed petition could result in the loss of all of his claims—including those already exhausted—because the limitations period could expire during the time a petitioner returns to state court to exhaust his unexhausted claims.").

[32] *Pliler*, 542 U.S. at 231 ("Requiring district courts to advise a pro se litigant in such a manner would undermine district judges' role as impartial decisionmakers.").

[33] *See Brambles v. Duncan*, 412 F.3d 1066, 1070 (9th Cir. 2005) (determining "that while the district court failed to advise Brambles of the likely consequences of his procedural options, the instructions presented accurate options available to Brambles and were not affirmatively misleading.").

[34] *See id.* ("The district court affirmatively told Brambles to choose between two alternatives—dismiss his unexhausted claims and proceed in federal court only with his then-exhausted claim, or request the district court to dismiss the entire petition without prejudice and exhaust his then-

grounds 1, 3(b), and 4 were unexhausted and gave Polk three options for proceeding: (1) submit a sworn declaration voluntarily abandoning the unexhausted claims, (2) return to state court to exhaust his unexhausted claims and have his federal habeas case dismissed without prejudice, or (3) move for a stay to return to state court to exhaust his unexhausted claims and hold his exhausted claims in abeyance. Polk was "advised to familiarize himself with the limitations periods for filing federal habeas petitions contained in 28 U.S.C. § 2244(d), as those limitations periods may have a direct and substantial effect on whatever choice he makes regarding his petition." He chose to file a motion for stay and abeyance. The court denied the motion and instructed Polk to choose from the two remaining options: (1) submit a sworn declaration voluntarily abandoning the unexhausted claims, or (2) return to state court to exhaust his unexhausted claims in which case his federal habeas case would be denied without prejudice. Polk was again "advised to familiarize himself with the limitations periods for filing federal habeas petitions contained in 28 U.S.C. § 2244(d), as those limitations periods may have a direct and substantial effect on whatever choice he makes regarding his petition." Polk filed a declaration explaining that he "wish[ed] to dismiss this petition without prejudice in order to return to state court to exhaust unexhausted claims." The court then dismissed Polk's petition without prejudice. So Polk was not misled about his options or his rights, and he cannot avail himself of equitable tolling here.

---

unexhausted claims in state court before returning to federal court. These instructions were not affirmatively misleading. They presented accurate options available to Brambles.").

**Conclusion**

Because Polk has failed to meet his burden to show his entitlement to equitable tolling,[35] his petition must be dismissed as time barred. IT IS THEREFORE ORDERED that **his petition for a writ of habeas corpus under 28 U.S.C. § 2254 [ECF No. 1-1] is DISMISSED with prejudice as time barred**. A certificate of appealability is denied as reasonable jurists would not find the dismissal of the petition to be debatable or wrong.

IT IS FURTHER ORDERED that **the Clerk of Court is directed to**

- **ADD** Nevada Attorney General Aaron D. Ford as counsel for Respondents. No response is required from Respondents other than to respond to any orders of a reviewing court;

- **SEND** the Nevada Attorney General copies of the petition (ECF No. 1-1), this order, and all other filings in this matter by regenerating the notices of electronic filing;

- **ENTER FINAL JUDGMENT**; and

- **CLOSE THIS CASE.**

Dated: August 21, 2024

_____
U.S. District Judge Jennifer A. Dorsey

---

[35] *See Ford*, 590 F.3d at 789 ("While Ford may have been, and likely was, confused about the operation of the statute of limitations, he was not affirmatively misled by the district court[, so h]e is not entitled to equitable tolling of the limitations period on that ground.").